**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMAIN WILLIAMS | No. 2:01-cr-00512-GAW-4 |

# OPINION

Defendant Jamain Williams moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argues that his youth at the time of the offense, upbringing in an impoverished area, undiagnosed learning disability, rehabilitative efforts while imprisoned (such as his continued pursuit of a GED, his job cleaning the Assistant Warden's Office, and his maintenance of relationships with his family), and a sentencing disparity constitute "extraordinary and compelling reasons" warranting a sentence reduction. Motion to Reduce Sentence (Dkt. No. 1217) at 1, 22–23. Defendant filed a *pro se* motion that presented the factual and legal grounds on which he sought relief. *Pro Se* Motion for Compassionate Release (Dkt. No. 1200). The Court subsequently appointed counsel to evaluate Defendant's Motion and authorized counsel to amend Defendant's *pro se* filing (Dkt. No. 1213). Counsel thereafter filed an amended Motion for Compassionate Release (Dkt. No. 1217). The Government has consistently opposed any reduction of Defendant's sentence. Response in Opposition to Motion to Reduce Sentence (Dkt. Nos. 1206 & 1219). For the reasons set forth

below, the Court denies Defendant's Motion for Compassionate Release without prejudice.

## I. Background

Defendant has been incarcerated since February 25, 2003. Following a jury trial in May 2006, he was convicted of racketeering activity, three counts of murder and conspiracy to commit murder in aid of racketeering, using and carrying a firearm to commit murder, and possession with intent to distribute cocaine, among other offenses. Response in Opposition at 7; Motion to Reduce Sentence at 8–9. The Court sentenced Defendant to three consecutive terms of life imprisonment, followed by twenty-five years' imprisonment.[1] Motion to Reduce Sentence at 8–9. His convictions and sentence arose from exceptionally serious conduct involving repeated instances of violence, murder, drug trafficking, and organized criminal activity.

Now, Defendant seeks compassionate release under the "other reasons" provision of the United States Sentencing Guidelines (U.S.S.G.) § 1B1.13(b)(5). He contends that his youth at the time of the offenses, his upbringing in an impoverished and dangerous neighborhood, his previously unaddressed learning disability, his rehabilitative efforts, and the disparity between his sentence and those imposed on others convicted of similar offenses collectively constitute extraordinary and compelling reasons for a reduction. Motion to Reduce Sentence at 1. The Government opposes the Motion, arguing that the asserted circumstances do not qualify for relief under 18 U.S.C. § 3582(c)(1)(A). Response in Opposition at 2.

---

[1] The Honorable Curtis Joyner presided over Defendant's trial and subsequent sentencing. Following Judge Joyner's retirement, this matter was reassigned to Judge Weilheimer upon the filing of the instant Motion (Dkt. No. 1210).

## II. Legal Standard

A court may reduce a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) after the defendant exhausts administrative remedies and demonstrates "extraordinary and compelling reasons" for a reduction. Additionally, the reduction must be consistent with applicable Sentencing Commission policy statements and warranted by the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Stewart*, 86 F.4th 532, 533–34 (3d Cir. 2023) (explaining that, after finding extraordinary and compelling reasons, a court considers the § 3553(a) factors to determine whether compassionate release is appropriate); *see also Rutherford v. United States*, 608 U.S. 454, 460–61 (2026) (providing an overview of the "extraordinary and compelling" standard).

The Sentencing Commission identifies circumstances that qualify as "extraordinary and compelling" in U.S.S.G. § 1B1.13(b), including serious medical, age-related, and family circumstances; abuse; comparably grave "other reasons"; and an unusually long sentence. Rehabilitation alone is insufficient, though it may be considered in combination with the other circumstances. U.S.S.G. § 1B1.13(d).

Even when extraordinary and compelling reasons exist, the Court must also determine whether release is appropriate under 18 U.S.C. § 3553(a), which encompasses consideration of the offense and the defendant's history, the purposes of sentencing, protection of the public, and avoidance of unwarranted disparities. U.S.S.G. § 1B1.13(a). The defendant bears the burden of establishing entitlement to relief. *United States v. Ali*, 738 F. Supp. 3d 584, 588 (E.D. Pa. 2024) (Goldberg, J.) (citing *United States v. Haynes*, 2020 WL 3895767, at *2 (D.V.I. July 10, 2020)).

## III. Discussion

The Government does not dispute that Defendant exhausted his administrative remedies. Motion to Reduce Sentence at 11. Therefore, the Court only considers whether Defendant has shown extraordinary and compelling reasons for a reduction and, if so, whether the applicable 18 U.S.C. § 3553(a) factors support relief. The Court concludes that Defendant has not satisfied his burden to warrant a reduction in sentence.

### A. Defendant Has Not Demonstrated Extraordinary and Compelling Reasons Warranting Compassionate Release

Defendant has not demonstrated extraordinary and compelling reasons warranting compassionate release because (1) his personal circumstances do not satisfy the catchall provision, (2) the asserted sentencing disparity does not support relief, and (3) his rehabilitative efforts cannot supply an independent basis for a reduction.

First, Defendant relies on the catchall provision in U.S.S.G. § 1B1.13(b)(5), which applies only when circumstances are "similar in gravity" to the specific medical, age, family, and abuse-related circumstances listed in the policy statement.[2] His youth at the time of the offenses, difficult upbringing, and learning disability are important considerations, but they do not approach the level of gravity required by U.S.S.G. § 1B1.13(b)(5).

Those circumstances also existed when the sentence was imposed and are the

[2] To give a few examples of the gravity involved, those other circumstances include terminal illness, serious illness when the defendant is at least 65 and has already served a significant portion of the sentence, the death of the caregiver of a defendant's minor child, or when the defendant is the victim of sexual or serious physical abuse committed by an official. U.S.S.G. § 1B1.13(b)(1)–(4).

type of personal history considerations ordinarily addressed at sentencing. A motion under 18 U.S.C. § 3582(c)(1)(A) is not a vehicle to simply reconsider mitigating circumstances that could have been presented under 18 U.S.C. § 3553(a) during a defendant's original sentencing. *Fernandez v. United States*, 608 U.S. 411, 431 (2026) (Sotomayor, J., concurring) ("A motion for compassionate release cannot justify a reduced sentence if it relies solely on facts a court already considered in imposing the initial sentence, rather than any changed circumstances that developed after sentencing."); *see also United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (A motion under a similar provision at 18 U.S.C. § 3582(c)(2) "is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the appropriateness of the original sentence. Rather, it is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency[.]"). While "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment[,]" U.S.S.G. § 1B1.13(e), it remains the case that the circumstances highlighted by Defendant do not rise to the level of "extraordinary and compelling reasons [that] warrant the reduction" of his sentence. U.S.S.G. § 1B1.13(a)(1).

Second, the sentencing disparity asserted by Defendant does not warrant compassionate release. Defendant contends that his sentence is disproportionately severe when compared with sentences imposed on others convicted of similar offenses. Although the need to avoid unwarranted sentencing disparities is relevant under 18 U.S.C. § 3553(a)(6), a disparity does not, without more, constitute an extraordinary and compelling reason under 18 U.S.C. § 3582(c)(1)(A). The comparison

must account for whether the other defendants were similarly situated, including their offenses of conviction, conduct, criminal histories, roles, and other circumstances bearing on sentence. *See* 18 U.S.C. § 3553(a)(6). Here, Defendant was the leader of a violent drug organization, committed and aided in multiple violent murders, and was convicted of RICO offenses. None of the cases Defendant relies on in his Motion involve the combination of such serious offenses. *See* Motion to Reduce Sentence at 18–19. Therefore, Defendant's comparisons do not identify a disparity of such gravity that qualifies as an "other reason" under U.S.S.G. § 1B1.13(b)(5).

Third, Defendant's rehabilitative efforts do not change the Court's conclusion. Rehabilitation alone cannot constitute an extraordinary and compelling reason; indeed, the policy statement permits rehabilitation to be considered only in combination with qualifying circumstances. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d). The Court may consider Defendant's progress as part of the overall record, but the remaining circumstances he identifies are not extraordinary and compelling. Therefore, Defendant's rehabilitative efforts do not satisfy 18 U.S.C. § 3582(c)(1)(A).

The Court agrees with Defendant that a compassionate release motion cannot be denied solely because the underlying offenses were serious. Motion to Reduce Sentence at 14. Here, however, the Motion essentially asks the Court to rebalance considerations associated with the original sentence rather than identify a qualifying circumstance arising under the compassionate release statute and policy statement. In that respect, the Government correctly observes that the Motion reads more like a sentencing memorandum than a motion for compassionate release. *See* Response in Opposition at 2.

### B. The Section 3553(a) Factors Independently Weigh Against a Reduction

Even if Defendant had established "extraordinary and compelling reasons" warranting a reduction, the 18 U.S.C. § 3553(a) factors would weigh against reducing his sentence at this time. The offenses were exceptionally grave. At the conclusion of his trial, Defendant was convicted of racketeering activity, three counts of murder and conspiracy to murder in aid of racketeering, using and carrying a firearm to commit murder, and possession with intent to distribute cocaine, among other offenses. *See* Jury Verdict (Dkt. No. 840). The jury's verdict and the resulting sentence bear directly on the seriousness of the offenses, respect for the law, just punishment, deterrence, and protection of the public. *See United States v. Pawlowski*, 967 F.3d 327, 329–30 (3d Cir. 2020) (affirming denial of compassionate release based on the offense seriousness, respect for law, just punishment, and deterrence). Defendant has been incarcerated since February 25, 2003, and the Court recognizes that this is a substantial period of confinement. The length of his incarceration, however, must be assessed against the nature and number of the offenses and the purposes served by the original sentence. The present Motion does not identify a circumstance that sufficiently changes that balance. On the record before the Court, reducing the sentence would not adequately account for the gravity of the conduct or the need for the sentence to promote deterrence and protect the public.

### C. Defendant's Rehabilitative Efforts

Nevertheless, the Court commends Defendant for the rehabilitative progress described in his Motion. His participation in educational and self-improvement programming, reduction in security classification, and prison employment are

meaningful indicators of productive use of his time in custody. The initiative reflected in Defendant's initial *pro se* motion further demonstrates his sustained effort toward self-improvement and constructive engagement with the legal process. Those efforts may properly inform consideration of any future motion. The Court's ruling should not discourage Defendant from continuing those efforts. This denial is without prejudice, meaning Defendant is not precluded from seeking relief in the future if new facts or circumstances bring his request within 18 U.S.C. § 3582(c)(1)(A) and the applicable policy statement.

## IV. CONCLUSION

For the foregoing reasons, the Court denies the Motion. An appropriate order follows.

DATED: October 30, 2026

BY THE COURT:



GAIL A. WEILHEIMER, J.